UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

TERRY PERRY,

    Petitioner,

v.

WARDEN BARNHART,

    Respondent.

Civil No. 6:19-264-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Terry Perry is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Proceeding without a lawyer, Perry has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction and sentence and has paid the $5.00 filing fee. [D.E. No. 1]

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545

1

(6th Cir. 2011).¹ Because Perry is not entitled to habeas relief, his § 2241 petition will be denied.

I.

In July 2013, Perry was charged in an indictment issued by a grand jury in the United States District Court for the Eastern District of Tennessee with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One). *United States v. Terry Perry*, No. 4:13-cr-020-HSM-SKL-1 (E.D. Tenn. 2013) at D.E. No. 1. In November 2013, Perry agreed to plead guilty to the single charge without a written plea agreement. *Id.* at D.E. No. 13.

Prior to sentencing, the prosecution filed a written factual basis for the plea indicating that, at the time that Perry possessed the firearm for which he was arrested, Perry had at least thirteen prior felony convictions. *Id.* at D.E. No. 16. Perry did not object to the written "factual basis" filed by the prosecution, nor did he object to the presentence investigation report prepared by the United States Probation Officer. *Id.* at D.E. No. 23. Thus, Perry was subject to a sentencing enhancement provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").

---

¹ A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In March 2014, the trial court sentenced Perry to 180 months imprisonment, the mandatory minimum required by 18 U.S.C. § 924(e)(1) for those convicted under Section 922(g) who have previously been convicted for three or more "violent felonies" or "serious drug offenses." *Id.* at D.E. No. 27. Perry did not appeal.

In July 2016, Perry filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, invoking *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) to challenge the enhancement of his sentence. *Id.* at D.E. No. 29. However, the trial court denied the motion on the grounds that it was untimely under 28 U.S.C. § 2255(f), as it was filed a year after his judgment of conviction became final and a year after the United States Supreme Court issued its opinion in *Johnson*. *Id.* at D.E. No. 32.

Perry then filed his first petition of habeas corpus filed pursuant to 28 U.S.C. § 2241 in this Court, arguing that his prior burglary convictions in both Tennessee and Florida do not qualify as valid predicate offenses. *Perry v. Warden W. Hutchings*, No. 6:17-cv-232-GFVT (E.D. Ky. 2017). This § 2241 petition was denied on March 16, 2018. *Id.* at D.E. No. 8. Perry appealed the denial of his petition to the United States Court of Appeals for the Sixth Circuit and his appeal remains pending. *Perry v. Warden of FCI-Manchester*, No. 18-5348 (6th Cir. 2018).

Perry has now filed a second § 2241 petition in this Court, this time arguing that his conviction is invalid in light of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, Perry argues that, in light of *Rehaif*, he is "actually innocent" of his crime of conviction because he did not knowingly violate the "status" element of being a felon in possession of a firearm. [D.E. No. 1 at p. 5]

## II.

The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). *See also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, the

4

petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Perry relies upon the Supreme Court's decision in *Rehaif*, which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Perry argues that, because he was not found to have "knowingly" violated the "status" element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction. [D.E. No. 1-1 at p. 2] However, Perry's § 2241 petition must be denied for several reasons.

First, to properly invoke the savings clause, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. While the United States Court of Appeals for the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit Court of Appeals has specifically held that the Supreme Court has *not* made the *Rehaif* decision

retroactively applicable to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). *See also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

In addition, Perry waived his ability to attack the sufficiency of the evidence to sustain his conviction by pleading guilty. *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("…an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea."). Thus, the government was not required to prove anything with respect to Perry's conduct because Perry admitted all of the facts essential to sustain his conviction when he agreed to plead guilty. *See United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); *See also Menna v. New York*, 423 U.S. 61, 62 n.2 (1975) ("[A] counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case."); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

Finally, Perry's argument for relief relies on an overly-broad interpretation of *Rehaif*. Contrary to Perry's argument, *Rehaif* does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1). As the Supreme Court explained,

6

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194. Thus, while the government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like," *Id*. at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms. *See also United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Perry's unduly expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*....[I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not,

7

and cannot be, what *Rehaif* requires. The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F. 3d at 797 (emphasis in original; citation omitted).

Because Perry does not contend that he was unaware that he stood convicted of numerous felonies, and because *Rehaif* does not require more, his petition fails to state any viable claim for relief.

For all of these reasons, the Court hereby **ORDERS** as follows:

1. Perry's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This ____ day of February, 2020.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

8